PEOPLE OF PUERTO RICO, Petitioner and Appellee, *v.* MUNICIPAL COURT OF SAN JUAN (FIRST SECTION), Respondent and Appellant.

No. 5757. Argued March 8, 1933.—Decided April 30, 1934.

*Arturo Aponte* for defendant in the main proceeding. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A complaint against Arturo Gallardo, Jr., charged the following:

"I, Pedro Açosta Forés, of age, a resident of San Juan, P. R., and Municipal District Attorney At Large, file this complaint against Arturo Gallardo, Jr., for the crime of False Representation (misdemeanor) committed in the following way:

"The said defendant Arturo Gallardo, Jr., subsequent to the month of October, 1929, and in San Juan, P. R., which forms part of the judicial district of the same name, availed himself of false and fraudulent pretenses and with the criminal intention of obtaining the possession and ownership of $32.85, belonging to the People of Puerto Rico, a public corporation, etc., with the intention of deceiving and defrauding the People of Puerto Rico, deprived it of the said sum of $32.85, falsely and fraudulently, pretended and represented to the People of Puerto Rico that he, the defendant Arturo Gallardo in his capacity of General Agent and General Inspector of Internal Revenue of the People of Puerto Rico had been doing his duties as such agent on the 8th, 9th, and 10th of October, 1929, in the Municipality of Ponce, whereby, according to him, he had the right to obtain from the People of Puerto Rico the said sum of $32.85 as *per diems* and mileage, such pretense being false and fraudulent, because it was not true that the said Arturo Gallardo was performing official duties on the 8th, 9th, and 10th of October, 1929, in said muncipality of Ponce, and to the said Arturo Gallardo, Jr. it was then and there known that said pretense was false and fraudulent he having made the same with the intention of inducing the People of Puerto Rico to deliver to him the said sum of $32.85; and the said People of Puerto Rico believing the said pretenses and exclusively induced by them, then and there gave up the ownership of the said sum of money and turned it over to the defendant Arturo Gallardo, Jr."

The prosecution was begun in the Municipal Court of San Juan and a demurrer was presented to the complaint for want of jurisdiction, inasmuch as the facts set forth charged a felony rather than a misdemeanor. The Municipal Court of San Juan sustained the demurrer on November 13, 1930. The Government, on the 18th of November, appealed, but the District Court of San Juan ordered the case to be filed away as it was without jurisdiction. The ground of the action of the

district court in refusing to hear the appeal was that the order of the municipal court was not appealable; in other words, that the statute allowing appeals from the municipal courts in criminal cases gives no right of appeal from an order or judgment sustaining a demurrer or from an order or judgment directing the case to be filed. On the appeal the record from the municipal court had been certified up to the district court.

On the 18th of March, 1931, the People of Puerto Rico applied for and obtained a writ of certiorari and ultimately the order on the demurrer in the municipal court was quashed and the case sent back to the municipal court to be continued there. This judgment of the district court bore date of April 21, 1931. The appeal before us is from that judgment.

We shall not enter deeply into one of the questions raised, namely, that when the writ of certiorari issued, the papers or proceedings were not in the municipal court but in the district court. The latter issued an order sending the papers and proceedings back in order that the municipal court might comply with the writ and this was within the general powers of the district court. Indeed, we have some idea that after due notice the district court might have dispensed with the devolution, as the papers and proceedings were before it.

What principally impresses us is the delay in applying for a writ of certiorari, supposing it to lie. The Government appealed on a false theory, but the appellant, Gallardo, had no responsibility for this mistaken theory. The fact was that after a demurrer sustained in the municipal court the appellant had a right to prompt action. It is clear that when the application for a certiorari was filed, more than 120 days had elapsed without a trial. Counting, as we might, that a part of the delay was indirectly due to the demurrer filed in the municipal court, yet, a defendant is entitled to a speedy trial and we have no explanation of the delay between the

sustaining of the demurrer and the application for a writ of certiorari.

We agree with the *Fiscal* that the writ of certiorari issues out of the law side of a court. Nevertheless, a law court has equitable powers and they may be invoked in a certiorari proceeding. Gallardo was then entitled to have the certiorari denied because of the unnecessary delay. What is an unnecessary delay is partially governed by the provisions of section 448 of the Code of Criminal Procedure and partially by what the justice of the case requires. *Gerardino* v. *People of Porto Rico,* 29 F. (2d) 517.

As the question is not raised, we shall give no attention to the much mooted question of the effect of the order of a municipal court declaring itself without jurisdiction in a criminal case.

We are inclined to agree with the Government that the crime charged was a misdemeanor and that, if susceptible of two interpretations, the prosecution for a misdemeanor lay.

The appellant maintains. however, that there was no error of procedure in the municipal court, and we agree. The complaint was filed in due order, and a demurrer was presented and heard. The municipal court may or may not have been right in declaring itself without jurisdiction, but it merely decided the question before it.

We rather think that mandamus would have been the appropriate writ to compel the court to take jurisdiction. When this court denied an appeal in an unlawful detainer proceeding, mandamus was the remedy invoked. *Petition of Zeno,* 14 F. (2d) 418.

Even, however, on an application for mandamus, the same principles of a rapid trial should have had to be applied.

The judgment appealed from should be reversed and the writ of certiorari annulled.